UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JENNIFER BROWNING,<br>Social Security No. XXX-XX-8426,<br><br>                Plaintiff,<br><br>                vs.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of the Social<br>Security Administration,<br><br>                Defendant. | 4:12-cv-78-TWP-WGH |

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO REMAND

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to an order to deliver a report and recommendation. (Docket No. 23). Plaintiff, Jennifer Browning ("Browning"), sought judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner", "SSA") denying her Disability Insurance Benefits ("benefits") under the Social Security Act ("the Act"). 42 U.S.C. § 301 *et seq.* While Browning's appeal was pending, the Commissioner filed a motion to remand the case to SSA for rehearing. 42 U.S.C. § 405(g). The Commissioner asked the case to be remanded so the administrative law judge ("ALJ") could "obtain medical expert testimony to assist in determining

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin is automatically substituted as the Defendant in this suit.

1

the severity of Plaintiff's medical impairment, to provide an analysis to function with and without the effects of [drug and alcohol] abuse; to reassess Plaintiff's mental and physical residual functional capacity ["RFC"], and to obtain supplemental vocational expert ["VE"] testimony."  (Defendant's Brief 1-2). Browning objected, arguing that she was entitled to benefits.  The matter is fully briefed, and the Magistrate Judge, being duly advised, recommends **REMANDING** the case to the Agency.

## Procedural History

Browning, a claimant with a high school education, applied for benefits on December 4, 2008, alleging a disability onset date of February 17, 2007, later amended to April 17, 2008.  She was 50 years old on the alleged onset date.  (R. 10, 19, 121).  Her application was denied initially and upon reconsideration.  (R. 69-72, 76-78).  On January 19, 2011, Browning had a hearing before the ALJ, at which Browning and a VE testified.  (R. 10).  On April 5, 2011, the ALJ issued his decision finding Browning not disabled.  (R. 19).  The Appeals Council denied her request for review on May 11, 2012 (R. 1), leaving the ALJ's decision as the Commissioner's final decision.  20 C.F.R. §§ 404.955(a), 404.981.  As a final decision, jurisdiction is proper in this court. 42 U.S.C. § 405(g).

## ALJ'S Decision

The ALJ's decision found that:  (1) Browning had not engaged in substantial gainful activity since the alleged disability onset date (R. 12); (2)

she had the following severe impairments: bipolar disorder; unspecified personality disorder, polysubstance abuse reportedly in remission, status-post bladder neck suspension, interstitial cystitis, degenerative changes of the cervical spine, and migraine headaches (R. 12-14); (3) none of those impairments, alone or in combination, met or equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1 listing") (R. 14-15); (4) Browning had an RFC to perform light work that was simple, routine, and repetitive, and did not involve working in close proximity to others (R. 15-18); (5) Browning could not perform her past relevant work (R. 18); and (6) considering her age, education, work experience, and RFC, there existed significant jobs in the national economy she could perform. (R. 19-20). Based on these findings, the ALJ concluded Browning was not disabled.

## Legal Standard

In order to qualify for benefits, Browning must establish that she suffered from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.

Ed. 2d 842 (1971) (internal quotation omitted); *see also Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).  This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility.  *Perales*, 402 U.S. at 399-400.  The court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner.  *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

When the ALJ's decision is not supported by substantial evidence, "[t]he court shall have power to enter . . . a judgment . . . reversing the decision of the Commissioner of Social Security, *with or without remanding the cause for a rehearing*."  42 U.S.C. § 405(g) (emphasis added).  This is known as a "sentence four reversal" or "remand."  Remanding the case for another ALJ hearing is the normal course of action for a court acting under its sentence four authority; reversing the ALJ's decision and awarding benefits should occur "only if all the factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits."  *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).  This determination should only be made if:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).

**Discussion**

The Commissioner moves for remand "because conflicting evidence as to the functional impact of Plaintiff's impairments exists." (Defendant's Brief 2). Browning argues that if there was actually conflicting evidence, the Commissioner would be arguing for the ALJ's decision to be affirmed. The ALJ is responsible for resolving conflicting record evidence, *Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002), and the ALJ's decision must be affirmed if it's supported by substantial evidence. *Richardson*, 402 U.S. at 401. However, in moving for remand, the ALJ is conceding that there was not substantial evidence to support his finding that Browning was not disabled. Therefore, Browning opines, the record evidence necessarily shows that she is disabled. (Plaintiff's Response 3).

In support of this argument, Browning directs us to her initial brief, in which she accuses the ALJ of improperly dismissing the testimony of her treating therapist, James Baugess, since he was a non-medical source. (Docket No. 11 at 10 (citing R. 18)). The VE testified that, had the ALJ assigned Browning the RFC limitations for bipolar disorder opined by Baugess, there would be no jobs available. (R. 62-64). Furthermore, the ALJ relied only on Disability Determination Bureau ("DDB") consulting psychologist Kenneth Neville, whose opinion was internally inconsistent and provided without the benefit of Browning's entire treatment record. (Plaintiff's Response 5 (citing R. 307-09)). Browning claims that for two reasons, the only logical conclusion is that Browning is disabled: (1) there is not substantial evidence to support a

5

finding that Browning is not disabled; and (2) undisputed record evidence that no jobs exist for someone with the bipolar disorder-related limitations opined by Baugess. ((R. 62-64). To remand the case and allow the ALJ to amass new evidence supporting a finding that Browning is not disabled "would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

      Browning's reliance on *Benecke* and *Moisa* are misplaced. The claimants in both cases were awarded benefits only because once the Court corrected the ALJ's errors, there were no outstanding issues to be resolved, and a reasonable analysis of the record mandated a finding of disability. *Benecke*, 379 F.3d at 593-95; *Moisa*, 367 F.3d at 887. The *Benecke* Court emphasized that this was a very narrow exception to the general rule requiring remand when an ALJ's decision is clearly erroneous or not supported by substantial evidence. *Benecke*, 379 F.3d at 593 (citations omitted). The Magistrate Judge simply cannot recommend such a dramatic departure from the rule in this case. As the Commissioner correctly points out, there are serious gaps in the ALJ opinion; notably, the ALJ may have violated SSR 06-03p by inadequately analyzing Baugess's opinion. (Defendant's Reply 3). The ALJ, after re-evaluating Baugess's opinion using SSR 06-03p's required factors for non-treating sources, 2006 WL 2329939, at *2-3 (Aug. 9, 2006), may still reasonably decide the opinion is entitled to little or no weight. Since there were significant jobs available in hypotheticals that did not contain Baugess's

6

limitations (*see* R. 61-62), the ALJ could still reasonably find Browning not to be disabled after proper analysis. This ambiguity alone means Browning cannot satisfy the *Harman* requirements.

If there is any uncertainty about whether a claimant would be found disabled, the law in this and other circuits is clear: the case must be remanded to SSA for rehearing. *See, e.g., Allord*, 631 F.3d at 415; *Gaylor v. Astrue*, 292 Fed. App. 506, 512 (7th Cir. 2008); *Freeman v. Barnhart*, 274 F.3d 606, 609 (1st Cir. 2001). Remand allows the ALJ to more fully develop the record, appropriately weigh Baugess's opinion, and make an appropriate decision on disability in light of the new evidence and analysis. The Magistrate Judge concludes that granting the Commissioner's motion for a sentence four remand is the prudent and appropriate course of action in this case.[2]

**SO RECOMMENDED** this 5th day of July, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic distribution to ECF-registered counsel of record.**

---

[2] Browning filed a subsequent application for benefits, alleging a disability onset date of July 26, 2011. On July 17, 2012, she was adjudged disabled. The Commissioner also asks the court to not prevent "the ALJ from reopening the subsequent determination that Plaintiff was disabled." (Defendant's Memo 2). Browning did not make such a motion in her response, and the court declines to impose an order preventing the ALJ from reopening the subsequent disability determination within twelve months for any reason or within four years for good cause. 20 C.F.R. § 404.988(a).

7